

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

YARIN NADEL aka JOE NADEL, JOE MILLER;
MICHAEL NADEL aka MICKEY MILLER;
MOVING STATE TO STATE LLC;
STATE TO STATE MOVING NY INC.;
STATE TO STATE MOVING GROUP LLC;
DIRECT VAN LINES SERVICES INC.; and
AROUND THE CLOCK MOVING SERVICES INC.;

        Defendants.

Civil Action No.

CV 19-1578

BRODIE, J.

POLLAK, M.J.

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

    This matter having come before the Court upon the application of plaintiff, the UNITED STATES OF AMERICA, for an *ex parte* temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Brian P. Smith, Special Agent with the Federal Bureau of Investigation; the Certification of the Attorney for the United States; and the Memorandum of Law in Support of the United States' Motion for Injunctive Relief:

    WHEREUPON THE COURT, having considered the matter, finds that:

    1.    There is probable cause to believe that defendants Yarin Nadel aka Joe Nadel, Joe Miller; Michael Nadel aka Mickey Miller; Moving State to State LLC; State to State Moving NY Inc.; State to State Moving Group LLC; Direct Van Lines Services Inc.; and Around the Clock Moving Services Inc. are violating and are about to violate 18 U.S.C. § 1343;

2. The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met;

3. Irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. *See United States v. Savran*, 755 F. Supp. 1165, 1179 (E.D.N.Y 1991). Nonetheless, even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, permitting the defendants to continue to perpetrate the alleged wire fraud would constitute irreparable harm. For example, immediate and irreparable injury, loss, or damage, in the form of the sale, auction or disposition of victims' property could result before defendants can be heard in opposition; and

4. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction:

A. Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained from:

   i. committing wire fraud, as defined by 18 U.S.C. § 1343;

   ii. selling, offering for sale, auctioning, consigning, destroying or otherwise disposing of any personal property received from customers for moving, including property stored by defendants on the premises of a third-party, without prior permission and approval from the Court;

   iii. removing personal property originally received from customers for moving, and now stored on the premises of a third-party, from the third-party premises without prior permission and approval from the Court;

   iv. raising the price of delivery, rate "per box," "per item," or "per pound," or the required deposit for services for any customers on the day of pickup or in the preceding 72 hours. Notwithstanding the foregoing, the defendants may quote a rate "per box," "per item," or "per pound," and calculate the number of boxes, items, or net weight of the items transported on the day of pickup, provided they provide weight tickets documenting the weight of the truck with and without the

*United States v. Nadel, et al.*
Temporary Restraining Order and Order to Show Cause

>   property being transported, a bill of lading, and a receipt.
>
>   v. destroying, deleting, removing, or transferring any and all business, financial, accounting and other records concerning defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by defendants.

B.   That within 2 business days from defendants' receipt of the Temporary Restraining Order and Order to Show Cause, defendants shall provide copies of the Temporary Restraining Order and Order to Show Cause to all storage facilities with which they do business, informing them that defendants cannot take possession of any items in storage without prior permission and approval from the Court; and, that within 4 business days from defendants' receipt of the Temporary Restraining Order and Order to Show Cause, defendants shall provide proof of such notice to the Court and the United States, including the name and addresses of the entities and/or individuals to whom the notice was sent, how the notice was sent, and when the notice was sent.

C.   That within 5 business days from defendants' receipt of the Temporary Restraining Order and Order to Show Cause, defendants provide an inventory of the contents of all facilities containing the personal property of defendants' customers to the United States and to the Court; that said inventory shall include:

>   i. the address of the storage facility,
>
>   ii. the number or identifier of any storage unit (e.g., locker #2, storage unit #112),
>
>   iii. the name, telephone number and e-mail address for any of defendants' customers whose personal property are stored in the storage unit,
>
>   iv. the number of boxes of the customer's personal property stored in the storage unit, and
>
>   v. the number and type of any non-boxed items belonging to defendants' customers stored in the storage unit

(e.g., ABC Storage Center, Storage Unit 112, Customer John Doe, telephone (212) 555-5555,

3

*United States v. Nadel, et al.*
Temporary Restraining Order and Order to Show Cause

JohnDoe@aol.com, 10 boxes, 1 couch, 2 bicycles).

IT IS HEREBY FURTHER ORDERED that defendants shall appear before this Court and the Honorable **Margo K. Brodie**, United States District Judge, in courtroom **6F** at the United States Courthouse, 100 Federal Plaza, Central Islip, New York 11722, on the 2nd day of April, 2018, at **10:30** a.m./p.m. to show cause why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, requested by the United States should not be granted.

IT IS HEREBY FURTHER ORDERED that a copy of this Temporary Restraining Order and Order to Show Cause, together with the Complaint, the Smith Declaration, the Certification of the Attorney for the United States, the Memorandum of Law in Support of the United States' Motion for Injunctive Relief, shall be served upon defendants via personal service, overnight mail or overnight courier on or before the 21st day of March, 2019.

IT IS HEREBY FURTHER ORDERED that defendants shall serve and file any response to the application for a preliminary injunction on or before **11**:00 a.m. on **March 25**, 2019, and that the United States shall serve and file any reply on or before **11**:00 a.m. on **March 29**, 2019.

SO ORDERED this **5:32 PM** hour of the 19th day of March, 2019.

_____
HONORABLE Margo K. Brodie
UNITED STATES DISTRICT JUDGE

4