UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>             v.<br><br>YARIN NADEL aka JOE NADEL, JOE MILLER; MICHAEL NADEL aka MICHAEL MILLER; MOVING STATE TO STATE LLC; STATE TO STATE MOVING GROUP LLC; DIRECT VAN LINES SERVICES INC.; and AROUND THE CLOCK MOVING SERVICES INC.,<br><br>                Defendants. | Civil Action No.<br>19-CV-1578 (MKB)(CLP)<br><br>**[PROPOSED] CONSENT DECREE AND FINAL JUDGMENT** |

WHEREAS, the UNITED STATES OF AMERICA commenced this action against defendants YARIN NADEL aka JOE NADEL ("Y. Nadel"), JOE MILLER, MICHAEL NADEL aka MICHAEL MILLER ("M. Nadel"); MOVING STATE TO STATE LLC, STATE TO STATE MOVING GROUP LLC, DIRECT VAN LINES SERVICES INC., and AROUND THE CLOCK MOVING SERVICES, INC., (collectively, "Defendants") by filing a Complaint in this Court a copy of which is annexed hereto as Exhibit A (the "Complaint");

WHEREAS, the Complaint states a claim for relief under the Fraud Injunction Statute, 18 U.S.C. § 1345;

WHEREAS, on March 19, 2019, this Court issued an *ex parte* Temporary Restraining Order and Order To Show Cause (the "TRO") upon a finding that (1) there was probable cause to believe that Defendants were violating and were about to violate 18 U.S.C. § 1343, and that (2) the statutory conditions for granting injunctive relief under 18 U.S.C. § 1345 had therefore been met (Dkt. No. 11);

U.S. v. Nadel, et al., 19-CV-1578 (MKB)(CLP)
[Proposed] Consent Decree and Final Judgment

WHEREAS, the TRO was superseded on April 2, 2019, when this Court entered a Consent Preliminary Injunction, *inter alia*, enjoining Defendants from committing wire fraud, as defined by 18 U.S.C. § 1343 (Dkt. No. 17);

WHEREAS, Defendants consent to entry of this Consent Decree without any admission or finding of liability or wrongdoing, and have agreed to this Consent Decree to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation;

WHEREAS, the United States and Defendants hereby agree that this Consent Decree shall not be offered against Defendants in any other action, matter or proceeding brought by the United States that arises from the allegations in the Complaint, save for any action under federal law for violation of this Consent Decree and Final Judgment;

WHEREAS, this Consent Decree is not intended, and shall not be construed, as a waiver of Defendants' Fifth Amendment rights against self-incrimination, or of any other defenses that Defendants may assert in any other proceeding. Defendants expressly reserve their Fifth Amendment rights against self-incrimination and all other defenses in any other proceeding;

WHEREAS, the parties wish to settle this action upon the following terms without further litigation, and Defendants agree that this Court may enter and enforce this Consent Decree against them in the United States;

THEREFORE, pursuant to 18 U.S.C. § 1345 and the inherent power of this Court, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Defendants and each and all of their directors, officers, agents, servants, employees, successors, assigns, and attorneys, and all person or entities in active concert or participation with any of them are permanently enjoined from:

    a. Committing wire fraud, as defined by 18 U.S.C. § 1343;

*U.S. v. Nadel, et al.*, 19-CV-1578 (MKB)(CLP)
[Proposed] Consent Decree and Final Judgment

        b.      Raising the price of delivery, rate "per box," "per item," or "per pound," or the required deposit for services for any customers on the day of pickup or in the preceding 72 hours. Notwithstanding the foregoing, Defendants may quote a rate "per box," "per item," or "per pound," and calculate the number of boxes, items, or net weight of the items transported on the day of pickup, provided they provide weight tickets documenting the weight of the truck with and without the property being transported, a bill of lading, and a receipt;

        c.      Destroying, deleting, removing, or transferring any and all business, financial, accounting and other records concerning Defendants' operations and the operations of any other corporate entity owned or controlled, in whole or in part, by Defendants for a period of ten years from the date of entry of this Consent Decree.

    2.      The Consent Preliminary Injunction entered on April 2, 2019, is superseded by this Consent Decree, and is hereby vacated and dissolved.

    3.      Defendants Y. Nadel and M. Nadel acknowledge and agree that this Consent Decree binds them in their individual capacities.

    4.      Defendants understand and acknowledge that they may be subject to civil and/or criminal liability (including for contempt) upon a finding by a Court that they have violated this Consent Decree.

    5.      If Defendants violate this Consent Decree and are found in civil or criminal contempt thereof, Defendants shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, including overhead, investigational expenses, and court costs relating to such contempt proceeding.

    6.      This Consent Decree shall not be modified except in writing by Plaintiff and Defendants and approved by the Court.

U.S. v. Nadel, et al., 19-CV-1578 (MKB)(CLP)
[Proposed] Consent Decree and Final Judgment

7. Plaintiff and Defendants shall each bear their own costs and attorneys' fees.

8. The provisions of this Consent Decree are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

9. Defendants hereby agree to waive, release, and remit any and all claims, either directly or indirectly against the United States and its agencies, employees, representatives and agents, including but not limited to the Department of Justice, the Federal Bureau of Investigation, and their employees, with respect to this action.

10. This Consent Decree may be signed by the parties in counterparts, each of which constitutes an original and all of which constitute one and the same Consent Decree. Signatures delivered by facsimile transmission or as .pdf attachment to emails, shall constitute acceptable binding signatures for purposes of this Consent Decree.

11. This Court shall retain jurisdiction of this matter for purposes of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

12. The parties, by their respective counsel, hereby consent to entry of the foregoing Consent Decree, which shall constitute a final judgment and order in this action. The parties further stipulate and agree that the entry of the foregoing Consent Decree shall constitute full, complete, and final settlement of this action.

SO ORDERED:
s/ MKB 10/24/2019
_____
MARGO K. BRODIE
United States District Judge

*U.S. v. Nadel, et al.*, 19-CV-1578 (MKB)(CLP)
[Proposed] Consent Decree and Final Judgment

United States District Judge
Eastern District of New York

## THE UNITED STATES OF AMERICA

Dated: Brooklyn, New York
October 25, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
DARA A. OLDS
Assistant United States Attorneys
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
(718) 254-6148
dara.olds@usdoj.gov

## DEFENDANTS

Dated: New York, New York
October 21, 2019

THE LAW FIRM OF DMITRIY SHAKHNEVICH
Counsel for Defendants Yarin Nadel; Michael Nadel; Moving State to State LLC; State to State Moving NY INC; State to State Moving Group LLC; Direct Van lines Services Inc.; and Around the Clock Moving Services Inc.

By: _____
DMITRY SHAKHNEVICH, ESQ.
233 Broadway, Suite 900
New York, NY 10279
(212) 913-9703
ds@dshaklaw.com